[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Nicole Elbrecht hosted an overnight gathering at her home for her stepdaughter, Candace, and two of Candace's friends, Jessica Burton and Jessica Brookbank. The girls were first-year high-school students who convened at the Elbrecht residence after attending their school's football game. Jason Earls, a friend of the Elbrecht family who was dating one of the two Jessicas, also was present that evening, as was Nicole Elbrecht's husband, David.
It is undisputed that shortly after arriving at the Elbrechts, the girls drank some alcohol. But the witnesses gave sharply diverging accounts of the incident. According to Jessica Burton and Jessica Brookbank, Candace was allowed to drink at home, and she took a beer from the refrigerator when they arrived. They testified that Nicole Elbrecht then offered them a beer. When they accepted the offer, David Elbrecht opened the beers for them, and they drank some of the beer in the Elbrechts presence.
By contrast, Jason Earls, Candace, and David Elbrecht testified that the girls either surreptitiously helped themselves to the beer in the refrigerator or smuggled some alcohol into the house. They claimed that Nicole Elbrecht was furious when she discovered that underage drinking was occurring in her home, and that she seized the beverages and poured them out. But, in either version of that evening's events, Nicole Elbrecht did not call the girls' parents to report their misconduct.
Instead, Jessica Burton's mother, Sandra Burton, later discovered a note that her daughter had written to a friend at school. That note described how, in an unrelated incident, she and Candace had attended a fraternity party several months earlier while she was a guest of the Elbrechts. According to the note, the police had been called to the fraternity party and Jessica Burton had been taken to the hospital because of the amount of alcohol that she had consumed.
Sandra Burton testified that while questioning her daughter about the incident at the fraternity party, her daughter also confessed to drinking at the Elbrechts on the visit that is the subject of this case. Sandra Burton confronted Nicole Elbrecht about the fraternity party incident. She then contacted the police, received a referral based on the second incident, and ultimately signed a complaint against Nicole Elbrecht.
The only other witness who testified at trial was the state's rebuttal witness. Because Candace had testified that Nicole Elbrecht was distraught at having discovered the girls drinking and was reported to have said that "there is no drinking in my house," the state offered the testimony of Nicole Niefield to the contrary. Nicole Niefield was another friend of Candace's. She testified that on a different evening, following their high school's homecoming, Nicole Elbrecht had taken her, Candace, Jason Earls, and three other of Candace's friends to a Kroger store where she had allowed the underage group to pick out "Hooch, wine coolers, Arbor Mist, and Mike's Hard Lemonade." According to Nicole Niefield, Nicole Elbrecht purchased the alcohol for the boys and girls and allowed them to drink in the Elbrecht home until they passed out.
The trial court found Nicole Elbrecht guilty of contributing to the unruliness or delinquency of a child.[1] Nicole Elbrecht now alleges in her single assignment of error that the court's finding of guilt was against the manifest weight of the evidence. We overrule her assignment of error and affirm the court's judgment.
A challenge that the trial court's judgment was against the manifest weight of the evidence requires that we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the court clearly lost its way and created a manifest miscarriage of justice.[2] To reverse on the weight of the evidence, we must unanimously disagree with the factfinder's resolution of conflicting, credible testimony.[3] Because we must also recognize that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact,"[4] our power to grant a new trial[5] must be exercised in only the exceptional case.
The trial court's adjudication of this case was not clearly an exceptional, manifest miscarriage of justice. As the court stated, the testimony of Jessica Burton and Jessica Brookbank was "clear as a bell" that they were offered beer by Nicole Elbrecht and that they accepted. Admittedly this version of events directly conflicted with the testimony of Candace, Jason Earls, and David Elbrecht, who said that the girls had attempted to hide the drinking, and that Nicole Elbrecht was furious when she found out and disposed of the beverages. But we cannot conclude that the trial court lost its way in choosing to believe the testimony of Jessica Burton and Jessica Brookbank, especially considering that the state's rebuttal witness cast doubt on the credibility of the witnesses who testified for Nicole Elbrecht.
But Nicole Elbrecht argues that the trial court failed to appropriately weigh evidence regarding Sandra Burton's motive in pursuing the charges. Apparently, Burton was convicted of disorderly conduct on January 8 for an incident that involved Nicole Elbrecht. Burton filed the charge that is the subject of this appeal the next day. While the timing might have raised some questions about Burton's motivation, it was certainly not conclusive.
First, Burton began to pursue the charge shortly after discovering the note in her daughter's pocket, and she did not receive a referral from the police until the middle of December. So even though charges were not filed until several months after the incident, Burton was pursuing the issue and received the necessary referral just three weeks before she charged Nicole Elbrecht. Second, aside from an admission by Burton that she had been convicted for disorderly conduct, the record is otherwise silent about the facts of the case and Nicole Elbrecht's association with it. And even if that conviction served as the impetus for Burton to file charges, without more, we cannot conclude that the testimony of Jessica Burton and Jessica Brookbank was inherently tainted as a result.
Nicole Elbrecht also complains that the testimony of Jessica Brookbank and Jessica Burton was inconsistent. Specifically, she points out that Jessica Brookbank testified that Candace actually procured the beer from the refrigerator and gave it to her, but that Jessica Burton testified that she retrieved her own beer from the refrigerator. This testimony is not necessarily in conflict.
Nicole Elbrecht also contends that the testimony differed when the girls listed the number of people present "during the supposed event," one girl having identified five people while the other only specified four. Although we have tried to find the alleged inconsistency in the transcript, we have been unable to do so, and Nicole Elbrecht does not cite to its location in her brief. But even if the inconsistency existed, it was not of a magnitude to discredit the rest of the girls' testimony.
Finally, Nicole Elbricht complains that the state's witnesses admitted on cross-examination to having discussed the case before the trial, and to having discussed their testimony at trial even though the trial court had ordered that the witnesses were to have been separated. She apparently raises this issue only in a further attempt to impeach the girls' credibility by insinuating that their testimony was manufactured and rehearsed, because she assigns no error to the trial court's admission of the testimony, and she did not move the court to exclude any of it at trial. We are not convinced that because two teenage girls talked about the incidents surrounding their underage drinking and the impending trial, their testimony should have been significantly discredited. We thus overrule Nicole Elbrecht's single assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Gorman, JJ.
[1] See R.C. 2919.24.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 547, quoting State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, 720-721.
[3] Id. at 387, 678 N.E.2d at 546.
[4] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[5] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.